UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KELLY KENNEDY[1] | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No: 22-_____ |
| | * | |
| DEPARTMENT OF DEFENSE | * | |
| 1000 Defense Pentagon | * | |
| Washington, D.C. 20301 | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT[2]

Plaintiff Kelly Kennedy ("Kennedy") brings this action against Defendant Department of Defense ("DoD") for injunctive and declaratory relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, and the First Amendment to the Constitution of the United States.

Defendant DoD has unlawfully imposed a prior restraint upon Kennedy by delaying, obstructing and infringing on her constitutional right to publish an unclassified manuscript currently titled, "*The Activity: My Life Inside America's Most Secret Unit*" ("Manuscript"), and which is set to be published by St. Martin's Press. The book tells the story of "Ameen al-Gammal," who immigrated from Egypt at the age of nineteen, unable

---

[1] Pursuant to LCvR 5.1(c)(1), as revised March 23, 2022, the Plaintiff's home address is being filed under seal with the Court in a separate Notice of Filing.

[2] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement, nor was any classified information relied upon or reviewed.

at the time to speak English, and joined the United States Army to pay back the debt he felt he owed his new country. He then rose through the ranks to join the military's most secret unit and successfully fought to eliminate the same terrorists he had faced as a child and who, in 2001, had perpetrated the tragic attacks on September 11th.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Kennedy is the Managing Editor for "The War Horse" and a bestselling author and award-winning journalist who served in the U.S. Army from 1987 to 1993, including tours in the Middle East during Desert Storm, and in Mogadishu, Somalia. She has worked as a health policy reporter for USA TODAY, spent five years covering military health at Military Times, and is the author of "*They Fought for Each Other: The Triumph and Tragedy of the Hardest Hit Unit in Iraq*," as well as the co-author of "*Fight Like a Girl: The Truth About How Female Marines are Trained*". As a journalist, she was embedded in both Iraq and Afghanistan and is the only U.S. female journalist to both serve in combat and cover it as a civilian journalist. She is also the first female president of Military Reporters and Editors. She is a citizen of the United States and resident of the State of Maryland.

4. Defendant DoD is an agency of the United States as defined by 5 U.S.C. § 701 and subject to the jurisdiction of this Court. DoD's actions have unreasonably delayed and prevented Kennedy from publishing her Manuscript.

## FACTS

5. On August 16, 2020, the Manuscript was acknowledged as having been received by the Defendant's Office of Prepublication and Security Review. It was assigned case number 21-SB-0172.

6. "*The Activity: My Life Inside America's Most Secret Unit*" tells an incredible immigration success story. When "Ameen" arrived in the United States from Egypt while in his late teens, he did not speak a word of English. Yet twenty years later, he served as a command Sergeant Major in the U.S. military's most elite—and most secretive—unit. For more than ten years, "Ameen" was the only Muslim Arab-American in the Army Intelligence Support Activity and tasked to collect actionable intelligence in advance of missions by the "Activity" as well as other U.S. special operations forces. The official title of the "Activity" is classified, and no other member has written about it.

7. "Ameen" was involved in the searches for Osama bin Laden and Saddam Hussein, as well as most of the high-value targets both pre- and post-9/11. He was one of three U.S. soldiers who helped translate the al-Qaeda manuals for the Federal Bureau of Investigation, and he also helped with the investigation of the USS Cole bombing. From 2002 to 2011, he served as the lead on the first confirmed kill of terrorists involved in the bombings of the U.S. Embassies in Kenya and Tanzania. His background – and his height at just 5'1" – served as a disguise that allowed him to travel freely in Iraq. It also served him well within his own military ranks as other soldiers did not know his ethnicity or

religion. Ameen's expertise allowed him to "intercept the enemy's thoughts," as one of his previous commanders said. He was awarded three bronze stars and a purple heart (having been shot in the stomach by an enemy) over the course of fourteen military deployments, some of which remain classified.

8. His story is told with humor and humility, at times laughing at the ridiculousness of a situation to also bragging about the capabilities of his teammates. The Manuscript aptly highlights areas where the "Activity" – and the military generally – could improve. Not surprisingly, he encountered racism along the way, including from a drill instructor who said the military's goal was to kill all Muslims and from a supervisor who intentionally kept him late during religious fasting periods. But, as detailed in the Manuscript, he more than proved his worth through his understanding of the customs of Arabic countries, his ability to fit in there, and his achievement of powerful soldiering and intelligence skills.

9. This Manuscript is more than a battle narrative or a rare glimpse into a secretive special missions unit. It is the story of an immigrant from Egypt who started with $500 in borrowed money, learned English, and pushed himself to the furthest extreme. It is an of-the-moment examination of the need for diversity in our ranks, a story of inspiration in a time of growing nationalism, and a look toward a future that must include different ways of doing things. At the end of the day, America needs everyone. Additional information concerning the forthcoming book can be found at *https://www.amazon.com/Activity-Inside-Americas-Secret-Military-ebook/dp/B09Y457JN5/ref=sr_1_1_nodl?crid=2848CEMCAPHJR&keywords=the+activity+ameen&qid=1650375949&sprefix=the+activity+ameen%2Caps%2C190&sr=8-1* (last accessed April 19, 2022).

10. By e-mail dated January 31, 2022, the undersigned was notified by DoD that two components were still engaged in a review of the Manuscript.

11. As of April 13, 2022, two DoD components were still undertaking their review of the Manuscript.

12. Until such time as Kennedy receives final approval from DoD, she is restricted by her past secrecy agreements from authorizing the publication of her Manuscript.

## FIRST CAUSE OF ACTION
## (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

13. Kennedy repeats and realleges the allegations contained in paragraphs 5 through 12 above, inclusive.

14. Kennedy properly submitted, pursuant to one or more secrecy agreements, her Manuscript for prepublication review.

15. To the best of Kennedys' knowledge and understanding, the Manuscript does not contain any classified information.

16. DoD is legally prohibited from precluding Kennedy from publishing anything other than classified information.

17. DoD has failed to show that Kennedy's First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

18. DoD has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within Kennedy's Manuscript.

19. DoD's restrictions imposed upon Kennedy have been unduly vague and were not narrowly confined to avoid infringement of her First Amendment rights. It has unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

20. Because DoD has impermissibly infringed upon Kennedy's right to publish unclassified information in her Manuscript it has violated Kennedy's First Amendment rights.

21. Kennedy has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

## SECOND CAUSE OF ACTION
## (ADMINISTRATIVE PROCEDURE ACT – UNREASONABLE DELAY)

22. Kennedy repeats and realleges the allegations contained in paragraphs 5 through 12 above, inclusive.

23. Kennedy properly submitted her Manuscript to DoD for prepublication review on August 16, 2021.

24. DoD is required to complete the prepublication review of submissions within a reasonable period of time.

25. DoD has unreasonably delayed completing its final review of Kennedy's Manuscript, as well as arbitrarily and capriciously failed to cooperate with Kennedy to minimize/eliminate any already identified concerns.

26. By unreasonably delaying completion of its classification review, DoD has impermissibly infringed upon Kennedy's right to publish the information contained within her Manuscript. Thus, Kennedy has suffered or may suffer actual adverse and

harmful effects, including, but not limited to, possible civil or criminal penalties, a delay in being able to timely on information of public interest, and/or lost or jeopardized present or future financial opportunities, which impairs her ability to serve the public.

### THIRD CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT – LEGAL COUNSELS' ACCESS TO CLASSIFIED INFORMATION/UNREDACTED MANUSCRIPT)

27. Kennedy repeats and realleges the allegations contained in paragraphs 5 through 12 above, inclusive.

28. In order to be able to fully protect Kennedy's First Amendment rights her legal counsel will require access to any alleged classified information DoD claims is contained within the Manuscript. Upon information and belief, the undersigned legal counsel both hold valid and current security clearances that would permit a review of the relevant information.

29. Kennedy has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with DoD to discuss any redactions. Kennedy's Constitutional rights extend to counsel with the appropriate level of security clearance.

WHEREFORE, Plaintiff Kelly Kennedy requests that the Court award her the following relief:

(1) Require DoD to issue an immediate and final determination setting forth in detail any concerns it has regarding the contents of the Manuscript;

(2) Require DoD to specifically identify those portions, if any, of the Manuscript that allegedly contain classified information;

(3) Permanently enjoin DoD from restraining the publication of any portion of unclassified text within the Manuscript;

(4) Declare and find that the redacted text from the Manuscript is unclassified;

(5) Order DoD to permit Kennedy's counsel to have proper access, subject to the execution of appropriate non-disclosure secrecy agreements, to any alleged classified information for purposes of litigating this action;

(6) Find and declare that DoD violated the Administrative Procedure Act and its internal regulations governing prepublication review;

(7) Award Kennedy the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

(8) Pay appropriate compensation to Kennedy for any losses suffered or expenses incurred due to the delays associated with the publication of her manuscript; and

(9) grant such other relief as the Court may deem just and proper.

Date:   April 19, 2022

                    Respectfully submitted,

                        *s/Mark S. Zaid*
                    _____
Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff